```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, | |
| –v– | 17-cr-712 (AJN) |
| Marino Acosta, | MEMORANDUM OPINION & ORDER |
| Defendant. | |

ALISON J. NATHAN, District Judge:

Defendant Marino Acosta filed a motion seeking Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, his motion is DENIED.

## I. BACKGROUND

The Defendant was arrested in 2017 for his involvement in a drug trafficking operation in New York City. PSR ¶ 19-31.[1] The operation involved selling cocaine to customers using a livery cab service. *Id.* The Defendant operated a central dispatching phone, which customers would call to place orders, and would then dispatch a driver to the customer's location for delivery. *Id.* After his arrest, the Defendant was charged with conspiracy to distribute narcotics in violation of 21 U.S.C. § 841(b)(1)(B). Dkt. No. 39. The Defendant pled guilty on November 27, 2017. Dkt. No. 42.

---

[1] The factual description of the Defendant's offense in the pre-sentence report was adopted by the Court without objection at the Defendant's sentencing hearing. Dkt. No. 77 at 4.

1

At sentencing, the Court determined that the appropriate guidelines range for the Defendant's sentence was 188 to 235 months' imprisonment. Dkt. No. 77 at 5. The Court also acknowledged that the statutory minimum sentence for his offense was 60 months. *Id.* at 15. The Court recognized that the Defendant had committed a "very serious offense" which involved a "sophisticated drug-trafficking organization" and "a substantial amount of cocaine," which is a "dangerous and destructive drug." *Id.* at 16. The Court also noted that, because the Defendant had a "substantial criminal history" and prior periods of incarceration had thus far been "insufficient to deter [the Defendant] from again reverting to criminal conduct upon being released," the "punishment here must be sufficient to specifically deter [the Defendant] from making these kinds of choices again." *Id.* at 17. After accounting for various other mitigating factors, including the fact that the Defendant is a non-violent offender and has a supportive family, the Court sentenced the Defendant to 84 months' imprisonment, a significant downward variance from the guidelines range. *Id.* at 17-18.

The Defendant filed a *pro se* motion for compassionate release by mail, which the Court received on March 12, 2021. Dkt. No. 82. A counseled supplemental submission was subsequently filed on April 28, 2021. Dkt. No. 86. The Government submitted an opposition on May 12, 2021 and the Defendant filed a counseled reply on May 19, 2021. Dkt. Nos. 87-88.

## II.     DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). The compassionate-release statute creates one such exception: It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that ...

extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the recently enacted First Step Act, defendants serving their sentence may move the Court for compassionate release. *See United States v. Gotti*, No. 02-cr-743, 2020 WL 497987, at *1 (S.D.N.Y. 2020); *United States v. Gross*, No. 15-cr-769, 2020 WL 1673244, at *2 (S.D.N.Y. 2020).

In order for a defendant to be eligible for a reduction of their term of imprisonment under 18 U.S.C. § 3553(a), there must be "extraordinary and compelling reasons" warranting such a reduction. The Second Circuit has recently held that the Sentencing Commission's policy statement §1B1.13 Note 1(D), which instructs that the power to determine what reasons are extraordinary and compelling remains exclusively with the Bureau of Prisons director, is no longer applicable. *See United States v. Brooker*, 976 F.3d 228, 234 (2020). Therefore, this Court may "independently [] determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling.'" *Id.* at *5.

Moreover, presenting an extraordinary and compelling reason for release is only one of the requirements for a reduction in one's prison sentence under 18 U.S.C. § 3553(a). *See United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020). The Court must also determine that granting release is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the Sentencing Commission to determine if release is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). In particular, the Court must consider whether a reduced sentence would still "reflect the seriousness of the offense . . . promote respect for the law . . . provide just punishment for the offense" and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B).

The Defendant argues that, in light of the COVID-19 pandemic, his medical conditions of obesity, asthma, and pre-diabetes, as well as the harsh carceral conditions imposed upon inmates in the past year, constitute an "extraordinary and compelling reason" for compassionate release. Even assuming these conditions currently constitute an extraordinary and compelling reason for release, the Court would not grant the Defendant's motion. A reduction in the Defendant's sentence from 84-months to 46-months would greatly undermine the purposes for his sentence under § 3553. The Court recognizes that the Defendant is a non-violent offender and is encouraged by his clean disciplinary record and efforts to better himself in prison through educational programs. But the Defendant has served only a little over half of his 84-month sentence – a sentence which was already a significant departure from the guidelines calculation of 188 to 235 months' imprisonment. To further reduce that sentence by half would negate the purposes of deterrence and promoting respect for the law. Moreover, while the Court recognizes that some of the Defendant's prior convictions were marijuana related, the fact that the Defendant nonetheless chose to continue breaking the law after a period of incarceration demonstrates a need for a significant sentence to deter future criminal behavior.

### III. CONCLUSION

For the reasons stated above, Defendant's motion for compassionate release is DENIED. This resolves Dkt. Nos. 82, 86.

SO ORDERED.

Dated: July 9, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge